### SIMAITIS et v KISS et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9514.   Decided Nov. 26, 1928

John L. Mihelich, Esq., Cleveland, for Simaitis.

Messers. Neiger & Greenwald, Cleveland, for Kiss.

VICKERY, J.

Now it is argued that Greenfield is an innocent party. One cannot read this record and come to that conclusion. He did not know of any agreement. He did not know who owned the property. He was introduced to Kiss and yet upon that alone he loaned $4700 and he says he paid it all out, but as already stated it does not appear where the rest of the money went to; at least the plaintiff did not get it.

It is argued that between two innocent people who must suffer, the one who made it possible for the wrong to be committed must be held. That is a very equitable doctrine. Now applying that doctrine to this case, it is manifest in this case that the plaintiff knew nothing of what he was doing, was not capable of understanding the nature of it and he was in the hands of a party of people who seemed to be working together, including the man who held the $4700 mortgage and the result was as stated. Plaintiff lost that much money. Now so far as he was concerned, he supposed that he was taking his $2000 mortgage subject to a $1500 mortgage, nor did he know that the $2000 payment had come from this $4700 fund. Now under those circumstances can it be conceivable that the owner of the land loses his right to a vendor's lien? We do not think that he waived his lien as against this mortgage by taking the mortgage for $2000 upon this property. The whole matter seems to have been maneuvered in the office of Munson and we think under the circumstances in this case the plaintiff is entitled to have a decree in his favor for a vendor's lien. That vendor's lien is ahead

of everything except the $1500 mortgage on this property. I think this would be an equitable adjustment of this matter and that it would be in accordance with the understanding and agreement, and we think there should be a decree entered in favor of the plaintiff, order see journal.

Sullivan, PJ, and Levine, J, concur.